# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD H. PAYNE, JR.,<br>　　Plaintiff,<br>　　　　v.<br>HOME DEPOT U.S.A., INC.,<br>　　Defendant. | :<br>:<br>:　　CIVIL ACTION NO. 11-2266<br>:<br>:<br>:<br>: |

## MEMORANDUM OPINION

Rufe, J.                                                                                              February 19, 2013

Plaintiff, Edward Payne, filed suit against Home Depot, alleging claims of employment discrimination. At Mr. Payne's request, the Court referred the case to the Plaintiff's Employment Panel for the Eastern District of Pennsylvania for possible appointment of counsel.[1] Scott M. Pollins, Esquire, accepted the appointment and entered his appearance on May 23, 2011.[2] Counsel filed an amended complaint two days later,[3] Defendant answered,[4] the Court entered a scheduling order,[5] and on December 22, 2011, the parties filed a stipulation of voluntary dismissal representing that the case had been settled.[6]

On May 7, 2012, Mr. Payne filed a *pro se* motion to reopen the case, alleging a violation of his right to trial and "gross dissatisfaction" with the outcome of the case.[7] The Court referred the motion to reopen to Chief Magistrate Judge Carol Sandra Moore Wells for a hearing to

---

[1] Doc. Nos. 2, 3.

[2] Doc. No. 6.

[3] Doc. No. 7.

[4] Doc. No. 14.

[5] Doc. No. 16.

[6] Doc. No. 24.

[7] Doc. No. 25.

determine whether good cause existed to vacate the dismissal pursuant to Federal Rule of Civil Procedure 60(b), and directed Mr. Payne, Mr. Pollins, and counsel for defendant to appear.[8]

Judge Wells held a hearing on June 18, 2012, and heard testimony from Mr. Payne. When the record was complete, Judge Wells stated "[i]f all the parties would permit, I would like to have an opportunity to talk to counsel, plaintiff, and later the defendants."[9] The hearing then recessed, and when it resumed, the following occurred on the record:

| [Judge Wells]: | Everyone may be seated. We've taken a recess. With the permission of all the parties present I've had an opportunity to talk to both sides. I still have plaintiff here. Mr. Payne is still on the witness stand, and I have a question for him. |
|---|---|
| | We've had numerous discussions. Is there anything you'd like to do or say? |
| Mr. Payne: | Yes, Your Honor, I would like to withdraw my motion to have the case reopened. |
| [Judge Wells]: | All right. Is somebody forcing you to withdraw that motion? |
| Mr. Payne: | No, Your Honor, they are not. |
| [Judge Wells]: | All right. Who was present with you when you made that decision? |
| Mr. Payne: | Your Honor, in the room was myself, Your Honor, the Honorable Judge Wells, and Mr. Scott Pollins, my attorney. |
| [Judge Wells]: | Okay. And were my law clerk and intern also present for some of the discussion or most of it? |
| Mr. Payne: | Yes, Your Honor, my mistake; the law clerk and your assistant were also present. |

---

[8] Doc. No. 27.

[9] Hr'g Tr. 29 June 18, 2012 [Doc. No. 35]. Judge Wells ordered the transcript placed under seal. Doc. No. 34.

> [Judge Wells]: All right. So based on that encounter, I will accept your request and I will enter an order withdrawing the Rule 60(b) claim, and the settlement stands as it was.[10]

Judge Wells entered the order withdrawing the motion the same day.[11] One week later, on June 26, 2012, Mr. Payne filed a *pro se* notice of appeal.[12] By order dated October 22, 2012, the Court of Appeals for the Third Circuit dismissed the appeal for lack of appellate jurisdiction and directed the Clerk of the District Court to treat the notice of appeal as an appeal to the District Judge from the Magistrate Judge's order entered June 18, 2012.[13] This Court granted the parties an opportunity to brief the appeal, which both Mr. Payne and counsel for Defendant have done, and the appeal is now ready for decision.

The appeal must be denied. Mr. Payne does not even mention the June 18, 2012 hearing where he explicitly withdrew his motion on the record. Given Mr. Payne's unequivocal statements on the record, Judge Wells in no way erred in entering the order marking the motion as withdrawn. Moreover, even if the motion had not been withdrawn, it is without merit.

Under Pennsylvania law, "A settlement agreement will not be set aside absent a clear showing of fraud, duress, or mutual mistake."[14] Similarly, under Rule 60(b),[15] "[w]hile plaintiff

---

[10] Hr'g Tr. 30.

[11] Doc. No. 31.

[12] Doc. No. 32.

[13] Doc. No. 36.

[14] Pennsbury Village Assocs., LLC v. McIntyre, 11 A.3d 906, 914 (Pa. 2011) (citation omitted).

[15] Federal Rule of Civil Procedure 60(b) allows for relief from a final judgment, order, or proceeding for the following reasons: " (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment

3

may believe in hindsight that [he] could have obtained a better deal from defendant[], we have no doubt that [he] understood the terms of the settlement when [he] made the agreement. Errors in judgment are not the type of mistake protected by Rule 60(b)(1)."[16] Construing the motion in the light most favorable to Mr. Payne in light of his current *pro se* status, Mr. Payne argues that he did not realize that he was giving up his right to a jury trial in agreeing to the settlement, and believed that he could continue to litigate (although without his attorney).[17]

The settlement agreement and general release that Mr. Payne signed states on the first page that:

> The Employee [Mr. Payne] and Home Depot desire fully and finally to resolve the Litigation and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of the Employee against Home Depot relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed.[18]

The agreement sets forth the payment to be made, and also includes a section titled "Withdrawal of Claims," which states that after receipt of payment "the Employee's Attorney shall sign and file with the Court a stipulation of dismissal with prejudice the lawsuit that forms the basis of the Litigation. The Employee also agrees to withdraw any other claims, charges, or complaints that the Employee has initiated or that others have initiated on the Employee's behalf against Home

---

that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

[16] DeAngelis v. Widener Univ. Sch. of Law, No. 97-6254, 1998 WL 964207, at * 2 (E.D. Pa. Nov. 3, 1998).

[17] See, e.g., Hr'g Tr. 20-21, 25-26. Mr. Payne also testified that he believed he would have to pay back the settlement funds if the case were reopened. Id. at 28.

[18] Def.'s Mem. Law Opp. Pl.'s Appeal Ex. B ¶ 3.

4

Depot in any forum."[19] That paragraph is followed by a section titled "Waiver and Release of Claims" in which Mr. Payne agreed to "fully, finally and forever release[] and discharge[] Home Depot . . . from any and all claims and rights of any kind that Employee may have . . . in any way connected with Employee's employment with Home Depot."[20]

The agreement contains various other provisions, and near the end is a section titled "Employee's Acknowledgment" that is printed entirely in bold type (the only text other than headers so emphasized) that states:

> The Employee acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement, and that the Employee enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. The Employee further acknowledges and represents that Employee assumes the risk for any mistake of fact now known or unknown, and that Employee understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. The Employee also acknowledges: (a) that Employee has consulted with or has had the opportunity to consult with an attorney of Employee's choosing concerning this Agreement and has been advised to do so by Home Depot; and (b) that Employee has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on Employee's own judgment and/or the Employee's Attorney's advice. The Employee acknowledges that Employee has been given a reasonable time to consider the terms of this Agreement. The Employee acknowledges that Employee is getting more consideration under this Agreement than Employee is otherwise entitled. Employee acknowledges that the proceeds of this Agreement shall not be cause for the recomputation of any of Employee's individual benefits that may have been provided by Home Depot, including but not limited to, retirement benefits. Employee further understands and acknowledges that Employee is only releasing claims that arose prior to the execution of this Agreement.[21]

---

[19] Id. ¶ 5.

[20] Id. ¶ 6.

[21] Id. ¶ 19 (emphasis omitted).

The essential terms of the agreement are clear, as is the fact that it was intended to resolve all claims between the parties.[22] Mr. Payne bases his belief otherwise on a conversation with a law student after the settlement[23] and conversations that he had before filing suit with attorneys who did not agree to represent him as to the types of damages he could seek.[24] This subjective belief does not provide grounds for relief. Moreover, "good cause is not demonstrated simply because a party changed his or her mind after entering into an otherwise valid settlement agreement."[25]

The Court briefly addresses Mr. Payne's other assertions. For the first time in his appeal memorandum, Mr. Payne alleges that his counsel "told me that since I had no money to pay his firm I had to sign the settlement agreement."[26] However, at the hearing Mr. Payne made no such allegation; he testified that his attorney told him that "if I came to trial, chances are that I wouldn't win, and if I don't sign this agreement, there's a good chance that I'll end up receiving zero."[27] Mr. Payne also testified that his attorney "did not make me sign the agreement."[28]

---

[22] The Court notes that Mr. Payne testified that he has an associate's degree from Community College of Philadelphia and is a full-time student. Hr'g Tr. 26.

[23] Hr'g Tr. 14.

[24] Id. at 18-19, 28.

[25] State Farm Mut. Auto. Ins. Co. v. Makris, No. 01-5351, 2003 WL 22533696 (E.D. Pa. Oct. 21, 2003) (quoting Jasmine Exports v. New View Gifts, No. 98–5139, 2000 WL 1286399, at *3 (E.D. Pa. Sept. 1, 2000) and applying Local R. Civ. P. 41.1(b)).

[26] Pl.'s Mem. Law [Doc. No. 40] at 1.

[27] Hr'g Tr. 22-23. Mr. Payne also testified that one of the attorneys he consulted before filing suit "felt as though the case was too risky." Id. at 23. Mr. Payne testified that the other consulted attorney told him "that I had a strong case for retaliation," but that the law firm "would have to spend too much money upfront." Id. at 28.

[28] Id. at 25.

Finally, although Mr. Payne asserts that "[i]t appears as though the attorneys [i.e., his counsel and counsel for Home Depot] were in cahoots[] with one another," he alleges no facts whatsoever that would support this bare statement, and as there was no such allegation made when Mr. Payne testified under oath before Judge Wells, and nothing in the record to lend support to this statement, the Court will not consider it further.

For the foregoing reasons, the appeal will be denied. An order will be entered.